Mr. Bolton, we'll be hearing from you in a couple minutes here. Yes, sir. I'm reloading. All right. Our next case will be case number five, which is appeal 22-2501, Anthony Peraica v. Patrick Layng. Mr. Bolton, we'll recognize you now for appellant argument in this case. Your Honor, our brief was short. I will be very short. Mr. Peraica simply makes the contention that the initial submission to the court identified the $5,000. Mr. Peraica feels that that submission at least should have been upheld by the bankruptcy court and not included in the sanction. We do not disagree, Your Honor, with the law being stated. We understand it is within discretion of the court. Mr. Peraica's position that he's asked me to assert is simply that he believes that given some of the case law, that it is a harsh sanction to call for all the fees to be refunded, particularly since the size of the fees themselves demonstrate the amount of work that was performed for the bankruptcy court. Now, the majority of that, even under our argument, the majority of that will be refunded, Your Honor, and it all has been paid already, Your Honor, so there's no question about that. Does he stand by his representation to the bankruptcy court that he lacked the experience necessary to know that he owed an updated disclosure? That was more me speaking, Your Honor, when I was speaking and talking to our clerk, Your Honor, who made that contention. I don't believe Mr. Peraica lacks the experience, Your Honor. Mr. Peraica actually has quite a bit of experience in bankruptcy law. I do not say that. I do, Your Honor. That was one of the points that was quite a point of frustration, right, with the bankruptcy court. Look, representation was made to me that I didn't know that I had to update my fee disclosure. I believe, Your Honor. And the bankruptcy court didn't react well to that. I understand he didn't, Your Honor. I was there. And the judge is not unjustified in being frustrated. However, that was more a statement, I believe, by me, Your Honor, at the time. I believe it was by me, and I was stating the fact that I certainly was not an experienced bankruptcy counsel. I was brought in to do the York-Ivanka case because it was more of a commercial litigation aspect. Mr. Peraica did the Chapter 7 proceeding, but I will defer to the bankruptcy court's frustration about that. However, and I'll wait, Judge Scudder, to see if you have another question. No, that's fine. Thank you. Your Honors, with that, in order in the brevity of time, we'll stand upon our brief and conclude our argument. Thank you, Mr. Bolt. You'll reserve the remainder of your time. Mr. Goulden will now recognize you for appellee argument. Good morning. May it please the Court, Cameron Goulden, on behalf of the United States Trustee. I, likewise, will be succinct here. Today, truthful, accurate, complete disclosure is central to preserving the integrity of the bankruptcy process. It's undisputed that accurate disclosure did not happen here. As the panel is aware, there's no material facts in dispute. There's no dispute about what the law is on this issue. And so the only discrete issue before this Court is whether the bankruptcy court abused its discretion and ordered Mr. Peraica to turn over the $5,000 he actually disclosed. The additional $16,500 he received and didn't disclose is not in dispute. The bankruptcy court here only did what the courts often do, perhaps the majority of the time, with inaccurate disclosures and requiring him to turn over all the fees. So the U.S. Trustee submits that the court did not abuse its discretion. And with that, we will rest on our brief and answer any questions that the panel has. Thank you, Mr. Goulden. Thank you. Mr. Goulden will recognize you now for rebuttal argument. Your Honor, given the brevity of the trustee's argument, I will not present any reply unless the court has questions. No, we don't. Thank you, Mr. Bolton. Thank you, Mr. Goulden. The case will be taken under advisement.